## CYRUS HEWES *versus* JABEZ B. BICKFORD.

Trespass *quare clausum* cannot be maintained by a mortgagee of a farm, before entry for condition broken, against one who holds under the mortgager, and cuts and takes off the grass growing thereon ; for thereby, neither the estate nor the mortgagee's security is impaired.

And if the defendant did nothing recognizing the relation of landlord and tenant, between the mortgagee and himself, the fact that the mortgagee notified him to quit the premises, which he held as his tenant at will, gives no right to maintain such action.

REPORTED from *Nisi Prius* by APPLETON, J.

TRESPASS for breaking and entering the plaintiff's close, on August 15th, 1859, and on divers days between that day and the first day of October following, (the date of plaintiff's writ) and cutting down and carrying away the grass and appropriating the same.

At the time of the alleged trespass, the plaintiff held a mortgage of the *locos in quo* made by one Rich to one Mason, and by Mason assigned to plaintiff; the condition of which was broken ; but no entry had ever been made by the plaintiff or his assignor, nor any proceedings taken to foreclose. Rich had been left in possession. In April, 1859, Rich leased by parol the mortgaged premises to the defendant for the season, and he immediately entered upon them, occupied the house by his sub-tenant, and improved, planted and sowed the tillage himself, and put up the fences and repaired the same all over the farm, including the mowing land as well as other parts of the land, and pastured the pasture land during the whole season, until the season closed in November following ; all which was in the usual and ordinary mode of managing a farm—but he did not personally live on the premises himself.

While engaged about the tillage, and fencing, the plaintiff frequently passed by and knew the defendant had possession as before stated, but he said nothing until on July 8th, 1859, when the plaintiff gave the defendant a written notice

to quit the premises which he occupied as his tenant at will, and that his tenancy at will would terminate on the 10th day of August, 1859. The defendant still continued in possession of the premises, and, in the same month of July, he mowed and gathered the grass, and afterwards gathered his other crops and pastured the land—both pasture and field where he cut the hay—entering upon the same for that purpose from day to day as aforesaid, until the close of the season.

Sanborn, for the plaintiff.

A. W. Paine, for the defendant.

The opinion of the Court was drawn up by

TENNEY, C. J.—The plaintiff is the assignee of the mortgage of the farm, which is the locus in quo, from Rich to Mason, the mortgagee, never having taken possession, or steps to foreclose the mortgage, notwithstanding the condition therein had been broken. In April, before the trespass alleged, the mortgager leased, by parol, the premises to the defendant, who occupied through the season, in such manner as farms are usually occupied.

The plaintiff frequently passed by the farm, and knew that the defendant had possession, but said nothing to him on the subject. On July 8, 1859, he gave notice in writing to the defendant, that he regarded him as his tenant at will, of the farm, and directed him to quit on August 10, 1859. The defendant continued his possession, mowed the grass, harvested the hay and other crops, and also pastured the land, which had been mowed by him, and that which had been used as pasturage, till the close of the season. On Oct. 1, 1860, this suit was instituted.

Nothing in the case shows, that the defendant ever recognized the relation of landlord and tenant, as existing between the plaintiff and himself. The rights of the former were exclusively those of a mortgagee, not having taken possession. The possession of the defendant was that of

the mortgager, whose possession had never ceased, by himself or his lessee, and the action cannot be maintained better against one than the other.

The notice of the plaintiff to the defendant, to leave the farm, as therein directed, and the expiration of the time within which it was to be done, did not change the possession, and gave no right to maintain this action.

The land, according to the case, was used for the ordinary purposes of husbandry, and, in the case of *Fernald* v. *Linscott & als.*, 6 Greenl., 234, this Court recognize the doctrine as well settled, that, until entry, the mortgager is not accountable to the mortgagee for rents and profits; for he is not a trespasser in taking them, though he cannot lawfully do any thing to impair the estate, or the security of the mortgage, and such was not done in this case, according to the statement.                    *Plaintiff nonsuit.*

RICE, APPLETON, CUTTING, MAY and KENT, JJ., concurred.